### BOFFEE et al. v. CONSOLIDATED TELEGRAPH & ELECTRICAL SUBWAY CO.

(Supreme Court, Appellate Division, First Department. February 11, 1916.)

1. DEATH ☞11—ACTION FOR WRONGFUL DEATH—NATURE.

    A statutory action for death by wrongful act is not simply remedial, reviving an existing cause of action belonging to deceased at the time of his death, but is a new cause of action for the damages resulting to the property rights of the beneficiaries, and the action does not arise until the appointment and qualification of the personal representatives of deceased.

    [Ed. Note.—For other cases, see Death, Cent. Dig. §§ 10, 15; Dec. Dig. ☞11.]

2. DEATH ☞31—ACTION FOR WRONGFUL DEATH—ADMINISTRATION—ESSENTIAL ELEMENT.

    Administration being an essential element to such action, the bringing thereof before the appointment of an administrator is objectionable, not

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

merely for a lack of plaintiff's capacity to sue, but because no cause of action exists before such appointment.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 35, 37–46, 48; Dec. Dig. ☜31.]

3. PARTIES ☜76—CAPACITY TO SUE—OBJECTION—HOW RAISED—WAIVER.
    The objection of lack of capacity to sue must be raised by demurrer, where the defect appears on the face of the complaint, and otherwise by defense set forth by way of answer, or the objection will be waived.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 117–121; Dec. Dig. ☜76.]

4. DEATH ☜106—ACTION FOR WRONGFUL DEATH—WANT OF ADMINISTRATION —MOTION FOR NEW TRIAL.
    Where plaintiff brought an action for wrongful death before the appointment of an administrator of decedent's estate, defendant's answer, denying the fact of such appointment as alleged in the complaint, presented the issue whether there had been such appointment, since such allegation in the complaint was one of essential fact, and the subsequent establishment from plaintiff's testimony of the fact that no administrator had been appointed furnished the basis under such issue of a motion for a new trial.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 151; Dec. Dig. ☜106.]

5. APPEAL AND ERROR ☜1036—HARMLESS ERROR—ACTION FOR WRONGFUL DEATH WITHOUT ADMINISTRATION—SUBSEQUENT APPOINTMENT—STATUTE OF JEOFAIL.
    Where plaintiff brought an action for wrongful death before the appointment of an administrator for decedent's estate, but pending the trial there was such appointment, the error in allowing such action to be maintained should not be disregarded by reason of the statute of jeofail (Code Civ. Proc. §§ 721–730), since the error, going to the substance of the action, is not covered by the statute; and its dismissal on appeal not being on the merits, another action may be brought within a year therefrom, as provided for by Code Civ. Proc. § 405.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4069–4074; Dec. Dig. ☜1036.]

6. DEATH ☜37—ACTION FOR WRONGFUL DEATH—LIMITATIONS.
    The general provisions of the Code of Civil Procedure dealing with the limitation of actions apply to actions brought under section 1902 of the Code, creating a cause of action for wrongful death.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 52; Dec. Dig. ☜37.]

Smith, J., dissenting.


Appeal from Trial Term, New York County.

Action by Isabetta Boffee and Marie Pisani, as administrators of the estate of Palmarino Boffee, deceased, against the Consolidated Telegraph & Electrical Subway Company. From judgment for plaintiffs, and order denying its motion for new trial, defendant appeals. Reversed.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH, and PAGE, JJ.

Thomas H. Beardsley, of New York City, for appellant.
Rosario Maggio, of New York City, for respondents.

PAGE, J. The action was to recover damages for the alleged negligence of defendants in causing the death of plaintiff's intestate.

[1] This action was commenced by the service of a summons and complaint on the defendant on November 14, 1913. Letters of administration had not at that time been issued to the plaintiffs. The letters of administration bear date June 13, 1914. At the conclusion of the case defendant's attorney moved to dismiss the complaint, upon the ground that the action was prematurely brought. This motion was denied, the case submitted to the jury, and a verdict rendered for $3,000. From the judgment entered upon the verdict this appeal has been taken.

It is well settled that the action to recover for the negligent causing of death of a person is a statutory action, which had no counterpart at common law. The damages awarded for the negligent act are such as result to the property rights of the person or persons for whose benefit the cause of action was created. The statute is not simply remedial, but creates a new cause of action in favor of the personal representatives of the deceased, which is wholly distinct from, and not a revivor of, the cause of action which, if he had survived, he would have had for his bodily injury. Matter of Meekin v. B. H. R. R. Co., 164 N. Y. 145, 153, 58 N. E. 50, 51 L. R. A. 235, 79 Am. St. Rep. 635, and cases cited.

[2] The cause of action did not arise until some one was in position to bring and maintain the action, or, in other words, until the personal representatives of the deceased had been duly appointed and qualified. Crapo v. City of Syracuse, 183 N. Y. 395, 397, 400, 76 N. E. 465; Conway v. City of N. Y., 139 App. Div. 446, 448, 124 N. Y. Supp. 660. "It cannot be said that a cause of action exists, unless there be also a person in existence capable of suing." Murray v. East India Co., 5 Barn. & Ald. 204, cited in Barnes v. City of Brooklyn, 22 App. Div. 520, 522, 48 N. Y. Supp. 36, 38. It is clear, therefore, that the nonappointment of the administrators before bringing the action is not merely a lack of capacity to sue, for that presupposes an existing cause of action, which the plaintiff is incapacitated to maintain. But the due appointment and qualification of the administrators is a necessary element to the existence of the cause of action.

[3, 4] The objection of lack of capacity to sue must be raised by demurrer, if the defect appears on the face of the complaint, otherwise by a defense set forth in the answer, or it will be waived. But where the fact of their appointment is a necessary element of the cause of action itself, a denial of the fact alleged in the complaint properly presents the issue. Therefore, when plaintiffs proved their appointment some months after the commencement of the action, they established the fact that no cause of action existed at the time the action was brought, and defendant's motion should have been granted.

[5, 6] It is suggested that as the administrators had been appointed prior to the trial, and there existed a cause of action at that time, the plaintiffs should not be deprived of their rights, and under our liberal statute of jeofail (chapter 8, tit. 1, Code of Civil Procedure) we should disregard the error. The answer to this is twofold: First, it is not

such an error as is covered by the statute, as it goes to the substance of the action; and, second, as the dismissal is not on the merits, another action may be brought within one year from the termination of this one by a reversal of the judgment and a dismissal of the complaint (Code Civil Procedure, § 405), as the general provisions of the Code dealing with the limitation of actions apply to actions brought under section 1902 of the Code. Sharrow, Adm'r, v. Inland Lines, Ltd., 214 N. Y. 101, 105, 111, 108 N. E. 217, L. R. A. 1915E, 1192.

The judgment and order should therefore be reversed, with costs, and the complaint dismissed, with costs. Order filed.

CLARKE, P. J., and SCOTT and DOWLING, JJ., concur. SMITH, J., dissents.