Order granting respondent’s application for leave to serve a notice of claim against appellant after the expiration of the sixty-day period provided by section 50-e of the General Municipal Law modified on the law by striking out the words “ in all respects ” and substituting therefor the words “ in respect of the claim for personal injuries suffered prior to death” and, as so modified, affirmed, without costs. Decedent died on April 1, 1946, as the result of an accident on that day. The Public Administrator was appointed as administrator on June 14, 1946. The administrator made application in December, 1946, for leave to serve a notice of claim for damages for wrongful death, and for personal injuries suffered by his intestate prior to death. The order appealed from granted the motion. The claim for personal injuries suffered prior to death arose on the happening of the accident. Decedent was the person entitled to make that claim. Since he died before the expiration of the time limited for service of the notice, the court in its discretion was empowered to grant leave to serve the notice of claim within a reasonable time after the expiration of the time specified in the statute. There is no claim that the discretion was not properly exercised. Insofar as the claim is for damages for wrongful death, the claim did not arise until the appointment of the administrator. (Bofe V. Consolidated Telegraph & El. Subway Co., 171 App. Div. 392, affd. 226 H. Y. 654; Crapo v. City of Syracuse, 183 H. Y. 395.) The administrator was the only person entitled to make that claim and he has not brought himself within the provisions of the statute which permits the exercise of discretion. Hagarty, Acting P. J., Carswell, Adel, Holán and Sneed, JJ., concur.