■ JOSEPH BAEZ, Plaintiff, v PATHMARK SUPERMARKETS, INC., Appellant, and JOSEPH FRICANO, Respondent. [646 NYS2d 23]

The instant appeal in this personal injury action concerns

whether the court erred in refusing to compel Dr. Joseph Fricano to provide the appellant with copies of his office records concerning his treatment of the plaintiff for injuries allegedly sustained in the underlying incident. Although the plaintiff provided the appellant with a duly executed record authorization allowing it to obtain such records from Dr. Fricano, he refused to supply the appellant with such records. The appellant sought to compel this disclosure. Although the motion was unopposed, the court directed Dr. Fricano to furnish the plaintiff or his attorney, rather than the appellant, with the requested records. This was error.

By alleging that he has suffered certain back injuries in the instant personal injury action, the plaintiff has affirmatively put his physical condition in issue and has waived the physician-patient privilege with respect to these injuries (*see,* *Cynthia B. v New Rochelle Hosp. Med. Ctr.,* 60 NY2d 452, 456-457; *Hoenig v Westphal,* 52 NY2d 605, 610). Thus, it is clear that the appellant is entitled to the requested records. Because the plaintiff has already satisfied the requirements of CPLR 3120 by providing the appellant with duly executed authorizations (*see, Lombardi v Wlazlo,* 170 AD2d 653), the appellant properly sought disclosure directly from Dr. Fricano (*see,* CPLR 3120 [b]), and the court should have granted the appellant's motion. Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.