■ STEVEN W. ROSS, Appellant, v JAMAICA HOSPITAL MEDICAL CENTER et al., Respondents. [996 NYS2d 118]—

In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (O'Donoghue, J.), dated September 19, 2012, which granted the motion of the defendant Jamaica Hospital Medical Center pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred, and (2) an order of the same court dated September 28, 2012, which granted the motion of the defendant Maria Cipollone pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against her as time-barred.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff originally commenced a medical malpractice action against the defendants Jamaica Hospital Medical Center and Maria Cipollone by filing a summons with notice of action in the Supreme Court, Queens County, on December 3, 2010. The summons with notice of action alleged that the plaintiff sustained serious and permanent personal injuries on June 7, 2008. In an order entered August 17, 2011, the Supreme Court dismissed the action due to the plaintiff's failure to provide a complaint after a demand was made pursuant to CPLR 3012 (b).

The plaintiff commenced this action against the defendants by filing a summons and complaint in the Supreme Court, Queens County, on February 23, 2012. The defendants separately moved to dismiss the complaint insofar as asserted against each of them on the ground that the statute of limitations had run. The Supreme Court granted both motions, and the plaintiff appeals.

"On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (*Baptiste v Harding-Marin*, 88 AD3d 752, 753 [2011]; *see Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d 768 [2012]).

"CPLR 205 (a) provides that when an action is dismissed on

grounds other than voluntary discontinuance, lack of personal jurisdiction, neglect to prosecute, or a final judgment on the merits, the plaintiff may bring a new action within six months of the dismissal, even though the action would otherwise be barred by the statute of limitations" (*Marrero v Crystal Nails*, 114 AD3d 101, 103 [2013]).

Here, the defendants established, prima facie, that the 2½-year statute of limitations for medical malpractice had elapsed (*see* CPLR 214-a; *Gaska v Heller*, 29 AD3d 945 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled pursuant to CPLR 205 (a). Contrary to the plaintiff's contention, "CPLR 205 (a) clearly provides that the six-month period runs from the date of termination of the earlier action," and in this case, the prior action terminated upon the entry of the order on August 17, 2011, which was more than six months before the plaintiff commenced this action on February 23, 2012 (*Pi Ju Tang v St. Francis Hosp.*, 37 AD3d 690, 691 [2007]; *see Burns v Pace Univ.*, 25 AD3d 334, 335 [2007]; *Yates v Genesee County Hospice Found.*, 299 AD2d 900 [2002]; *Gesegnet v Hyman*, 285 AD2d 719, 720-721 [2001]; *Extebank v Finkelstein*, 188 AD2d 513 [1992]).

Accordingly, the Supreme Court properly granted the defendants' separate motions pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against each of them as time-barred. Mastro, J.P., Skelos, Roman and Maltese, JJ., concur.