Aurilia v Carbonara (2020 NY Slip Op 03884)





Aurilia v Carbonara


2020 NY Slip Op 03884


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-01894
 (Index No. 521706/17)

[*1]Anthony Aurilia, appellant,
v
Joann Carbonara, etc., respondent.


Nicholas W. Kowalchyn, Staten Island, NY, for appellant.
Karen Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 26, 2018. The order and judgment granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred, and is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the order and judgment is affirmed, with costs.
On July 22, 2013, the plaintiff allegedly sustained personal injuries when he tripped and fell on the sidewalk abutting a property located on 14th Avenue in Brooklyn. The plaintiff commenced an action in 2014 against the alleged owners of the abutting property, John J. Imbriale and Margaret Imbriale, but that action was dismissed after the plaintiff learned, in June 2014, that the Imbriales had died years before the action was commenced.
On September 23, 2016, letters testamentary were issued to the defendant, appointing her as executor of Margaret Imbriale's estate, and the plaintiff subsequently commenced this action on November 8, 2017. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. In an order and judgment dated November 26, 2018, the Supreme Court granted the defendant's motion and dismissed the complaint. The plaintiff appeals.
On a motion pursuant to CPLR 3211(a)(5) to dismiss a complaint as time-barred, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (see Ross v Jamaica Hosp. Med. Ctr., 122 AD3d 607, 607; Landow v Snow Becker Krauss, P.C., 111 AD3d 795, 796). Generally, an action to recover damages for personal injuries is subject to a three-year statute of limitations (see CPLR 214[5]).
Here, the defendant met her prima facie burden by demonstrating that the statute of limitations began to run on July 22, 2013, when the alleged accident occurred, and that this action was commenced on November 8, 2017, more than three years later (see Barrell v Glen Oaks Vil. Owners, Inc., 29 AD3d 612). In opposition, the plaintiff failed to raise a question of fact that would warrant denial of the motion. The plaintiff was aware of the Imbriales' deaths nearly two years [*2]before the statute of limitations expired, yet he failed to seek the remedy for a plaintiff under such circumstances, which is "to petition the Surrogate's Court pursuant to SCPA 1002 for the appointment of the Public Administrator as the personal representative of the estate" (Arbelaez v Chun Kuei Wu, 18 AD3d 583, 584 [internal quotation marks omitted]; see Laurenti v Teatom, 210 AD2d 300, 301). In reaching this determination, we have not considered any of the references to matter dehors the record in the plaintiff's brief on appeal.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred, and to dismiss the complaint.
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court