U.S. Bank N.A. v Navarro (2020 NY Slip Op 07116)





U.S. Bank N.A. v Navarro


2020 NY Slip Op 07116


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-02713
 (Index No. 702449/16)

[*1]U.S. Bank N.A., etc., appellant, 
v
Norberto Navarro, respondent, et al., defendants.


Houser & Allison, APC, New York, NY (James N. Faller and Kathleen M. Massimo of counsel), for appellant.
Queens Legal Services, Jamaica, NY (Anne B. Stephenson of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered January 10, 2018. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint, and granted the cross motion of the defendant Norberto Navarro, among other things, for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
On August 2, 2005, the defendant Norberto Navarro (hereinafter the defendant) executed an adjustable rate note in the amount of $331,760. The defendant defaulted on the accompanying mortgage. By summons and complaint dated November 2, 2009, the plaintiff commenced an action to foreclose the mortgage. That action was discontinued on September 27, 2012. By summons and complaint dated May 11, 2012, the plaintiff commenced a second action to foreclose the mortgage. That action was dismissed pursuant to an order entered July 20, 2015. In that order, the Supreme Court denied the plaintiff's motion for summary judgment on the complaint and directed dismissal of the complaint on the ground that the plaintiff failed to establish that it had complied with the mailing requirements set forth in RPAPL 1304. On October 22, 2015, the court issued a corrected order. The corrected order did not include any substantial changes.
The plaintiff commenced the instant action to foreclose the mortgage on March 2, 2016. The plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendant cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him on the ground that the action was time-barred. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
"CPLR 205(a) provides that when an action is dismissed on grounds other than voluntary discontinuance, lack of personal jurisdiction, neglect to prosecute, or a final judgment on the merits, the plaintiff may bring a new action within six months of the dismissal, even though the action would otherwise be barred by the statute of limitations" (Marrero v Crystal Nails, 114 AD3d [*2]101, 103). Here, the defendant established, prima facie, that the six-year statute of limitations for actions to foreclose a mortgage had elapsed when this action was commenced (see CPLR 213[4]; U.S. Bank N.A. v Vitolo, 182 AD3d 627, 628-629). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled pursuant to CPLR 205(a). "CPLR 205(a) clearly provides that the six-month period runs from the date of termination of the earlier action," and in this case, contrary to the plaintiff's contention, the prior action terminated upon the entry of the order on July 20, 2015, which was more than six months before the plaintiff commenced this action on March 2, 2016 (Ross v Jamaica Hosp. Med. Ctr., 122 AD3d 607, 608 [internal quotation marks omitted]).
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion and granting the defendant's cross motion.
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court