Barreto v Richmond Ctr. for Rehabilitation & Specialty Healthcare (2024 NY Slip Op 51318(U))

[*1]

Barreto v Richmond Ctr. for Rehabilitation & Specialty Healthcare

2024 NY Slip Op 51318(U)

Decided on September 20, 2024

Supreme Court, Richmond County

Marrone, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 20, 2024
Supreme Court, Richmond County

Lisa Barreto, as Proposed Administratrix of the Estate of Miguel Barreto, Deceased, Plaintiff,

against
Richmond Center for Rehabilitation and Specialty Healthcare, Defendant.

Index No. 150010/2024

Counsel for Plaintiff:
Jonathan J. Panarella, Esq. 
Krentsel & Guzman, LLP
17 Battery Pl., Suite 604 
New York, NY 10004-1135
jpanarella&commat;kglawteam.com
Counsel for Defendant:
Lori R. Semlies, Esq. and Steven V. DeBraccio, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
1133 Westchester Ave
White Plains, NY 10604
lori.semlies&commat;wilsonelser.com 
steven.debraccio&commat;wilsonelser.com 

Paul Marrone, Jr., J.

Recitation, as required by CPLR § 2219 (a), of the papers considered in the review of this motion:
Papers NYSCEF Document(s)
Plaintiff's Motion (#1) to amend the caption and pleadings, with supporting documents (filed February 14, 2024) 5-13, 15
Defendant's Opposition to the Motion (#1) and Cross-Motion (#2), with supporting documents (filed April 8, 2024) 17-21
Plaintiff's Reply to Defendant's Opposition to the Motion (#1) and Opposition to Defendant's [*2]Cross-Motion (#2), with supporting documents (filed April 17, 2024) 22-29
Defendant's Reply to Plaintiff's Opposition to the Cross-Motion (#2), with supporting documents (filed April 22, 2024) 30-32
Miguel Barreto was a resident at a nursing home owned and operated by the defendant, Richmond Center for Rehabilitation and Specialty Healthcare (hereinafter "Defendant"), where he died on December 23, 2020. This action was commenced by the plaintiff, Lisa Barreto (hereinafter "Plaintiff"), as the "proposed administratrix" of Mr. Barreto's estate, for wrongful death and personal injuries sustained while in Defendant's care from on or about December 4, 2020 through, and including, December 23, 2020.
Plaintiff initially commenced an action under index number 150400/2023, which bore an identical caption, by filing a summons and complaint on March 1, 2023. This earlier action was dismissed without prejudice through an order issued by the Honorable Wayne Ozzi dated April 27, 2023 and entered by the Richmond County Clerk on April 28, 2023. Although the grounds for dismissal were not specified in the Court's order, the action was not dismissed on the merits, lack of personal jurisdiction, or for neglect to prosecute.
Plaintiff commenced the instant action by filing the summons and complaint on January 2, 2024. Subsequently, on February 9, 2024, Plaintiff was issued letters of administration by the Kings County Surrogate's Court. On February 14, 2024, Plaintiff filed the instant motion seeking to: (1) amend the caption to designate Plaintiff as Administratrix of the estate of the decedent (CPLR 3025), and (2) amend the summons and complaint to reflect the same. The parties then executed a stipulation adjourning the motion and extending Defendant's time to answer, appear, or otherwise move in this action until April 30, 2024.
On April 8, 2024, Defendant filed a cross-motion (Motion Sequence #2) seeking: (1) dismissal of the complaint for Plaintiff's alleged lack of capacity to commence the instant action (CPLR 3211 [a] [3]), (2) dismissal of the complaint for failure to state a cause of action (id. 3211 [a] [7]), and (3) dismissal of the wrongful death cause of action for violation of the statute of limitations (id. 3211 [a] [5]). Plaintiff and Defendant included, and thoroughly argued, whether the causes of action alleged in Plaintiff's complaint are time-barred, including the personal injury claims. Therefore, although only the wrongful death claim was expressly mentioned in the third branch of Defendant's cross-motion, the Court considered the timeliness of all the causes of action as raised within the motion papers of both parties.
Opposition and replies were filed with respect to both motions. Oral argument was heard on July 18, 2024 with both sides represented by counsel, and the Court's decision was reserved.
I. Timeliness of Plaintiff's Causes of Action
Plaintiff's complaint alleges causes of action for negligence and gross negligence, wrongful death, and violations of the decedent's rights under Public Health Law §§ 2801-d and 2803-c.
Pursuant to EPTL § 5-4.1 (1), an action for wrongful death must be commenced by a duly appointed personal representative within two years after the decedent's death. Here, the decedent died on December 23, 2020. A duly appointed personal representative had the statutory right to commence a wrongful death action on or before December 23, 2022. The initial action, however, was commenced on March 1, 2023. Therefore, the wrongful death cause of action is time-barred.
In her opposition to the cross-motion, Plaintiff argues that the wrongful death cause of action was tolled by Governor Andrew Cuomo's Executive Order No. 202.8, issued during the [*3]COVID-19 pandemic, and subsequent orders which extended the tolling provisions thereof (9 NYCRR §§ 8.202.8, 8.202.67). Plaintiff concedes, however, that the tolling provisions in executive orders expired on November 3, 2020 and that the statute of limitations to file a wrongful death claim began or continued to run after that date (id. 8.202.72; see Brash v Richards, 195 AD3d 582 [2d Dept 2021]). It is undisputed that the decedent died on December 23, 2020. The tolling provisions therefore had no effect on, and are not applicable to, the claims in the instant action.
Generally, an action to recover damages for personal injuries due to negligence is subject to a three-year statute of limitations (CPLR 214 [5]). Similarly, a cause of action brought against a nursing home pursuant to Public Health Law § 2801-d, as a liability created or imposed by statute, is governed by a three-year limitations period (CPLR 214 [2]; see Gold v Park Ave. Extended Care Ctr. Corp., 90 AD3d 833 [2d Dept 2011]). For the instant motions, Defendant stipulates that all of Plaintiff's claims accrued on the later date of December 23, 2020. Accordingly, Plaintiff's causes of action for negligence, gross negligence, and violations of the Public Health Law (hereinafter referred to collectively as the "personal injury claims") were timely as of the initial action brought on March 1, 2023. If measured from the commencement of the instant action on January 2, 2024, however, Plaintiff's personal injury claims are time-barred.
The issue of whether Plaintiff's personal injury claims are time-barred turns on whether the tolling provisions of CPLR § 205 (a) should apply. CPLR § 205 (a) provides that when an action is dismissed on grounds other than voluntary discontinuance, lack of personal jurisdiction, neglect to prosecute, or a final judgment on the merits, the executor or administrator of a deceased plaintiff may commence a new action upon the same occurrence or series of occurrences within six months of termination of the earlier timely-filed action, even though the new action would otherwise be time-barred under the applicable period of limitations (CPLR 205 [a]; see Marrero v Crystal Nails, 114 AD3d 101 [2d Dept 2013]). It is expressly specified in CPLR § 205 (a) that, along with commencement of the new action, service upon the defendant is to be effected within that same six-month period from the termination of the earlier timely-filed action for the tolling provision to apply (id; see U.S. Bank N.A. v Derissaint, 193 AD3d 790 [2d Dept 2021]).
Defendant argues that the tolling provisions of CPLR § 205 (a) do not apply to the personal injury claims because Plaintiff failed to commence the instant action or effectuate service of the pleadings within the prescribed six-month period. According to Defendant, Plaintiff was required to both commence the new action and effectuate service upon Defendant on or before October 28, 2023, which is six months from April 28, 2023, the date that Justice Ozzi's dismissal order was entered. It is undisputed that Plaintiff commenced the new action on January 2, 2024 and effected service of the pleadings upon Defendant on January 17, 2024.
In response, Plaintiff argues that the six-month period started to run upon Defendant effectuating service of the notice of entry, rather than the actual entry of the Court's order dismissing the action. Thus, Plaintiff argues, she had until January 5, 2024 to commence the new action, given that Defendant effected service of the notice of entry on July 5, 2023. To support her contention, Plaintiff cites Andrea v Arnone, Hedin, Casker, Kennedy and Drake, Architects and Landscape Architects, P.C., wherein the Court of Appeals stated that the termination of a prior action, for the purposes of CPLR § 205 (a), occurs when appeals as of right are exhausted (5 NY3d 514, 519 [2005]).
Plaintiff concedes that, even if the Court accepted her argument that the six-month period [*4]ran until January 5, 2024, service of the pleadings was not effected upon Defendant until January 17, 2024. Nevertheless, Plaintiff argues that Defendant was not prejudiced by her failure to comply with the service requirements of CPLR § 205 (a) and, therefore, the Court should deem the personal injury claims of the instant action timely.
The Court finds that Defendant established, prima facie, that the three-year statute of limitations period for the personal injury claims brought by Plaintiff began to run on December 23, 2020, and that the instant action was commenced on January 2, 2024, more than three years later (see Aurilia v Carbonara, 185 AD3d 767 [2d Dept 2020]). In opposition, Plaintiff failed to raise a triable issue of fact as to whether the statute of limitations period was tolled pursuant to CPLR § 205 (a) or is otherwise inapplicable (id; see also U.S. Bank N.A. v Navarro, 188 AD3d 1282 [2d Dept 2020], citing Ross v Jamaica Hosp. Med. Ctr., 122 AD3d 607 [2d Dept 2014]). The Court rejects Plaintiff's contention that the six-month period set forth in CPLR § 205 (a) runs from the date that Defendant served the Court's order with the notice of entry. It is well established that the six-month period starts to run from the date the prior action is terminated which, in this case, was April 28, 2023, when Justice Ozzi's dismissal order was entered (id; see also Pi Ju Tang v St. Francis Hosp., 37 AD3d 690 [2d Dept 2007]).
Given that Plaintiff did not file an appeal of the dismissal order, the Andrea decision is inapplicable to the instant motions. In Andrea, the Court of Appeals simply clarified that the termination of the prior action in that case occurred when the Appellate Division affirmed the dismissal of the prior actions (5 NY3d at 520). It is only where an appeal is taken as a matter of right, or where discretionary review is granted on the merits, that termination of the prior action is deemed to have not yet occurred for the purposes of CPLR § 205 (a) (see Lehman Bros., Inc. v Hughes Hubbard & Reed, L.L.P., 92 NY2d 1014 [1998]).
Even if the Court accepted Plaintiff's argument that the six-month period began to run on July 5, 2023, upon service of the notice of entry, it is undisputed that Plaintiff failed to comply with the service deadline set forth in CPLR § 205 (a) (see U.S. Bank N.A., 193 AD3d at 792). Further, the Court rejects Plaintiff's argument that it has the discretion to apply the tolling provisions of CPLR § 205 (a) notwithstanding Plaintiff's non-compliance with the service requirement because, according to Plaintiff, Defendant was not prejudiced by the delay. The Court's discretion in extending the statute of limitations period to commence an action is limited to applying statutory tolling provisions crafted by the legislature (see Bermudez Chavez v Occidental Chem. Corp., 35 NY3d 492, 504-505 [2020]). Accordingly, there are no exceptions to the requirements of CPLR § 205 (a) that permit the Court to consider the prejudicial impact of untimely service on the defendant.
In any event, Plaintiff failed to commence the instant action and effect service of the pleadings on or before October 28, 2023, which is six-months after the Court entered its order dismissing the prior action (see Ross, 122 AD3d 607). Therefore, the statute of limitations period for the personal injury claims as alleged has elapsed. It important to note that even if Plaintiff's cause of action for wrongful death was timely commenced in the earlier action, CPLR § 205 (a) would not apply based on the same rationale and analysis pertaining to the personal injury claims.
Therefore, the tolling provisions of CPLR § 205 (a) do not save any of the causes of action alleged by Plaintiff in the instant action from being time-barred. Accordingly, Plaintiff's complaint is hereby dismissed with prejudice pursuant to CPLR § 3211 (a) (5).
II. Plaintiff's Capacity to Commence the Instant Action
The caption on the summons and complaint of the instant action, as in the prior action, identifies Plaintiff as the "[p]roposed administratrix of the Estate of" the decedent. It is undisputed that Plaintiff was issued the letters of administration by Kings County Surrogate's Court on February 9, 2024, more than one month after commencing the instant action.
Defendant argues that, because Plaintiff was not in possession of the letters of administration at the time the instant action was commenced on January 2, 2024, she lacks the legal capacity to bring this action. Accordingly, Defendant is seeking an order of the Court dismissing the entirety of the instant action, with prejudice, pursuant to CPLR § 3211 (a) (3).
Plaintiff concedes that a proposed administrator lacks the legal capacity to enforce the decedent's personal injury claims, and the wrongful death claim on behalf of the distributees. Plaintiff argues, however, that she remedied this defect by filing for letters of administration within the six-month tolling period under CPLR § 205 (a). Plaintiff further argues that, because letters of administration were granted to her pursuant to that timely application, she has legal capacity to bring this action.
Pursuant to EPTL § 11-3.2, a personal representative of a decedent may bring or continue an action for personal injuries sustained by the decedent. EPTL § 5-4 (1) provides that a personal representative, duly appointed in this state or any other jurisdiction, of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect, or default which caused the decedent's death, against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued. EPTL 1-2.13 defines a personal representative as a person who has received letters to administer the estate of a decedent.
It is undisputed that Plaintiff was not the personal representative of the decedent at the time she commenced the instant action. The letters of administration were issued subsequent to Plaintiff filing and serving the summons and complaint. Therefore, the Court finds that Plaintiff did not possess the legal capacity to prosecute any of the causes of action alleged in the pleadings (see Jordan v Metro. Jewish Hospice, 122 AD3d 682 [2d Dept 2014]; see also Mingone v State, 100 AD2d 897 [2d Dept 1984]).
Accordingly, given that no administrator had been duly appointed to serve as the personal representative of the decedent's estate at the time the action was commenced, both the personal injury claims and the wrongful death claim are hereby dismissed with prejudice pursuant to CPLR § 3211(a) (3) (see Mingone, 100 AD at 899). "A personal representative who has received letters of administration of the estate of a decedent is the only party who is authorized to bring a survival action for personal injuries sustained by the decedent and a wrongful death action to recover the damages sustained by the decedent's distributees on account of his or her death" (id.).
Plaintiff does not provide any support for her argument that merely filing for letters of administration within six months of the dismissal of the prior action authorizes her to bring the instant action on behalf of the decedent or distributees. Moreover, as discussed at length herein, the tolling period pursuant to CPLR § 205 (a) does not apply to any of Plaintiff's causes of action as alleged in the complaint.
III. Plaintiff's Statement of a Cause of Action
Defendant argues that, because Plaintiff lacked the legal capacity to bring the instant action, a cause of action on the part of the decedent does not belong to Plaintiff. Therefore, according to Defendant, this action must be dismissed for failure to state a cause of action (CPLR 3211 [a] [7]). In response, Plaintiff maintains that she had the legal capacity to bring the [*5]instant action.
The Court finds that Defendant's argument applies to Plaintiff's wrongful death cause of action, but not to the personal injury claims. A wrongful death claim is a distinct cause of action brought on behalf of the decedent's distributees to recover damages suffered by the distributees themselves as a result of the decedent's death (EPTL 5-4.1[1]). Thus, such a cause of action does not arise until an administrator has been named through the issuance of letters of administration (Carrick v Cent. Gen. Hosp., 51 NY2d 242 [1980], citing (Boffee v Consol. Tel. & Elec. Subway Co., 171 AD 392 [1st Dept 1916], affd 226 NY 654 [1919]). In other words, the "due appointment and qualification of the administrators are necessary elements" to the existence of a wrongful death action and "[n]on-appointment of the administrators before bringing the action is not merely a lack of capacity to sue " (George v Mt. Sinai Hosp., 47 NY2d 170, 177 [1979] citing Boffee, 171 AD at 394). Therefore, the fact that Plaintiff was issued letters of administration after she commenced the instant action does not cure the defect that a cause of action did not exist at the time this action was commenced (see Caracciolo v Solar, 16 Misc 3d 1127[A] [Sup Ct, Kings County 2007]).
In contrast, a personal injury claim is a survival action brought or continued on behalf of the decedent's estate for the injuries sustained by the decedent (see Mingone, 100 AD2d at 899, citing EPTL § 11-3.2). Accordingly, the personal injury causes of action, which the decedent could have brought when he was alive, existed before the appointment and qualification of an administrator (see Boffee, 171 AD at 394; see also George, 47 NY2d at 176).
Plaintiff's wrongful death cause of action is hereby dismissed with prejudice pursuant to CPLR § 3211 (a) (7).
IV. Leave to Amend Caption and Pleadings
Plaintiff moves herein to amend the caption, pursuant to CPLR 3025, to designate Plaintiff as the administratrix of the estate of the decedent, and to amend the summons and complaint to reflect the same.
It is well-established that an application for leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or devoid of merit (see CPLR 3025 [b]; see also Lucido v Mancuso, 49 AD3d 220 [2d Dept 2008]). Courts have routinely held that a proposed amendment involving a claim that would be barred by the applicable statute of limitations is patently devoid of merit (see Watkins-Bey v City of New York, 174 AD3d 553 [2d Dept 2019]; see also Roco G.C. Corp. v Bridge View Tower, LLC, 166 AD3d 1031 [2d Dept 2018]; see also Jenal v Brown, 80 AD3d 727 [2d Dept 2011]; see also Grant v Brooklyn Ctr. for Rehabilitation & Residential Health Care, LLC, 153 AD3d 798 [2d Dept 2017]; see also Belair Care Ctr., Inc. v Cool Insuring Agency, Inc., 161 AD3d 1263 [3d Dept 2018]). Here, as aforementioned, Defendant established, prima facie, that all of the causes of action alleged by Plaintiff in the complaint are time-barred. Plaintiff failed to raise a triable question of fact as to whether the statute of limitations period was tolled pursuant to CPLR § 205 (a).
Plaintiff's motion to amend the caption and pleadings is hereby denied.
Accordingly, Plaintiff's motion (Motion Sequence #1) is hereby DENIED in its entirety. Defendant's cross-motion (Motion Sequence #2) is hereby GRANTED in its entirety.
The foregoing constitutes the decision and order of the Court.