Hojas v Jones (2025 NY Slip Op 04162)

Hojas v Jones

2025 NY Slip Op 04162

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-01957
 (Index No. 705855/20)

[*1]Felix Hojas, appellant,
v
Paul Jones, et al., respondents.

Elefterakis, Elefterakis & Panek, New York, NY (Gennaro Savastano of counsel), for appellant.
Marshall, Dennehey, Warner, Coleman & Goggin, Purchase, NY (Aaron S. Ladds and R. David Lane of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Phillip Hom, J.), dated December 20, 2022. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3124 to compel the plaintiff to provide certain discovery to the extent of directing the plaintiff to provide certain medical records and pursuant to CPLR 3126 for discovery sanctions to the extent of conditionally directing dismissal of the complaint.
ORDERED that order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action in May 2020 to recover damages for personal injuries he allegedly sustained as a result of a motor vehicle accident that occurred on February 19, 2020, on Columbus Avenue, at or near its intersection with West 82nd Street in Manhattan. The accident involved a vehicle operated by the plaintiff and a bus owned by the defendant Greyhound Lines, Inc., and operated by the defendant Paul Jones. At a deposition in July 2021, the plaintiff testified that he had sustained injuries from a prior motor vehicle accident in or about 1997 (hereinafter the 1997 accident) and had received medical treatment for those injuries.
After several attempts to resolve discovery issues through correspondence and motion practice, in August 2022, the defendants moved, inter alia, pursuant to CPLR 3124 to compel the plaintiff to provide "authorizations unrestricted in time and/or substance for the release of plaintiff's complete medical [records] pre-dating the date of the accident, and plaintiff's unrestricted employment records," and pursuant to CPLR 3126 to strike the complaint and/or to preclude the plaintiff from offering any damages evidence at trial. In an order dated December 20, 2022, the Supreme Court, among other things, granted that branch of the defendants' motion which was pursuant to CPLR 3124 to compel the plaintiff to provide certain discovery to the extent of directing the plaintiff to provide the defendants' counsel with authorizations for all of the plaintiff's employment records, as well as his pharmaceutical records and medical records regarding treatment of his injuries related to the subject accident "and the same or similar injuries and/or body parts, which were preexisting and/or a result of Plaintiff's prior and subsequent accidents," "from nine (9) years prior to [the] subject accident to present." In a separate decretal paragraph, the court further [*2]granted that branch of the defendants' motion which was pursuant to CPLR 3124 to compel the plaintiff to provide certain discovery to the extent of directing the plaintiff to provide those "medical records regarding all treatment of the alleged injuries arising from the 1997 accident." Additionally, the court granted that branch of the defendant's motion which was pursuant to CPLR 3126 for discovery sanctions to the extent of directing that "given the circumstances, [p]laintiff's failure to comply with this Order, upon motion, shall result in the dismissal of his Complaint." The plaintiff appeals from so much of the order as granted those branches of the defendants' motion which were pursuant to CPLR 3124 to compel him to provide certain discovery to the extent of directing him to provide medical records regarding all treatment of his alleged injuries arising from the 1997 accident and pursuant to CPLR 3126 for discovery sanctions to the extent of conditionally directing dismissal of the complaint.
The plaintiff contends that the Supreme Court improvidently exercised its discretion by directing him to provide medical records related to the treatment he received in connection with the injuries sustained in the 1997 accident. The plaintiff also contends that the court improvidently exercised its discretion in directing the conditional dismissal of the complaint.
"The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court. The Supreme Court's discretion is broad because it is familiar with the action before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised" (Kunwar v Northwell Health, 229 AD3d 528, 530 [internal quotation marks omitted]; see Milbrandt & Co., Inc. v Griffin, 19 AD3d 663, 663-664).
Under the circumstances of this case, we cannot say that the Supreme Court improvidently exercised its discretion in granting that branch of the defendants' motion which was pursuant to CPLR 3124 to compel the plaintiff to provide certain discovery to the extent of compelling the plaintiff to provide his medical records pertaining to injuries he sustained in the 1997 accident (see Gould v Decolator, 131 AD3d 445, 447; Baez v Pathmark Supermarkets, 228 AD2d 629, 630).
"CPLR 3126 empowers a court to craft a conditional order which imposes discovery sanctions, including the striking of a pleading, 'unless within a specified time the resisting party submits to the disclosure'" (Patsiouras v Koklanos, 233 AD3d 701, 702, quoting Gibbs v St. Barnabas Hosp., 16 NY3d 74, 79). "Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed" (Marino v Armogan, 179 AD3d 664, 666 [internal quotation marks omitted]).
Here, the Supreme Court providently exercised its discretion in issuing a conditional dismissal order directing the plaintiff's compliance with the order dated December 20, 2022. Contrary to the plaintiff's contention, the court properly included a conditional dismissal provision in that order without making a finding of willfulness (see Robert v Azoulay Realty Corp., 209 AD3d 781, 785; Matter of Metro-North Train Acc. of Feb. 3, 2015, 178 AD3d 929, 931).
We note that, to the extent that the defendants' contentions on appeal refer to matter dehors the record, those portions of the defendants' brief have not been considered in resolving this appeal (see Aurilia v Carbonara, 185 AD3d 767, 768; Fox v Patriot Saloon, 166 AD3d 950, 951).
MILLER, J.P., DOWLING, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court