■ PANTHEA BURNS, Appellant, v PACE UNIVERSITY et al., Respondents, et al., Defendant. [809 NYS2d 3]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered November 26, 2004, which granted defendant Pace University's motion to dismiss the complaint as time-barred, unanimously affirmed, without costs.

This personal injury action against defendant Pace University was first brought in February of 1999. Pace then commenced a third-party action against the other defendants seeking contribution and indemnification. A preliminary conference was held on December 21, 1999 and a compliance conference was conducted on February 1, 2000. Defendant ISS moved to preclude plaintiff from offering testimony at trial based on her purported failure to comply with discovery. The court thereafter issued a notice of conference which warned plaintiff that if she did not appear at a conference on November 28, 2000 to explain why the action had not been placed on the trial calendar and to schedule any remaining discovery, there would be a direction for inquest or dismissal pursuant to 22 NYCRR 202.27. The following day, the court granted ISS's motion to preclude unless plaintiff provided the requested discovery. Plaintiff did not move to vacate the order and did not appeal from it. Nor did she attend the conference on November 28.

Although plaintiff and Pace entered into a stipulation to restore the case to the calendar, the court apparently rejected the stipulation and instead directed plaintiff to file a motion to vacate the order of dismissal issued upon default. Plaintiff failed to follow the court's direction.

On November 10, 2003, ISS served a judgment with notice of entry stating that the action was dismissed. Although the proposed judgment submitted contained the language "ADJUDGED that the action is dismissed, with prejudice and without costs to the parties," the Clerk crossed out the "with

prejudice and without costs to the parties" language. Plaintiff did not appeal from the judgment.

On May 14, 2004, plaintiff purchased a second index number to commence a second action seeking the same relief sought in the first action and adding the former third-party defendants as direct defendants, along with Pace. Pace moved and ISS and defendant Walsh Enterprises, Ltd. cross-moved to dismiss the complaint pursuant to CPLR 3211 (a) on the ground, inter alia, that the action was barred by the statute of limitations. While the motions were pending, plaintiff stipulated to discontinue the action against Walsh, ISS and defendant Metpar Corp.

The motion court did not reach the issue of whether the initial action was dismissed for failure to prosecute and, therefore, did not determine whether plaintiff was entitled to rely on the tolling provision of CPLR 205 (a). It held that plaintiff's first action terminated on November 28, 2000 and that she had six months from that date to commence a new action pursuant to CPLR 205 (a). Since she failed to do so, the court found her new complaint, dated May 2004, time-barred. It therefore granted Pace's motion to dismiss the complaint.

Contrary to defendants' contention, we find that plaintiff was entitled to rely on the tolling provision in CPLR 205 (a) since the action was not dismissed for neglect to prosecute, even though there was sufficient evidence in the record to support such a dismissal, but rather for failing to appear at the court's "old case calendar" (*see Campos v New York City Health & Hosps. Corp.*, 307 AD2d 785 [2003]). Nevertheless, the second action was still time-barred since the applicable six-month limitation period (CPLR 205 [a]) began to run on November 28, 2000 when the first action was "terminated," and not when the judgment was eventually entered on November 10, 2003 (*see City of New York, Jelinek*, 25 AD2d 425 [1966]). The entry of the subsequent judgment was a mere ministerial act (*see Clapp v Hawley*, 97 NY 610 [1885]; *Campos, supra*). Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.