■ PI JU TANG, Appellant, v ST. FRANCIS HOSPITAL, et al., Respondents. [830 NYS2d 311]—

In an action, inter alia, to recover damages, in effect, for employment discrimination in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), dated April 3, 2006, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) as barred by the statute of limitations.

Ordered that the order is affirmed, with costs.

The plaintiff's claims against the defendants arose in February 2001 when the defendant Mark W. Dobriner allegedly wrote a letter complaining about the plaintiff's performance as the attending anesthesiologist at a colonoscopy that month, and in March 2001, when her privileges at the defendant St. Francis Hospital allegedly were suspended by the defendant Lawrence Reduto. The plaintiff timely commenced an action against the defendants in the United States District Court for the Eastern District of New York but, by order entered March 30, 2005, the District Court dismissed the complaint. A judgment was entered

on March 31, 2005. In September 2005 the plaintiff commenced this action in the Supreme Court, Nassau County, based on allegations arising from the same events as the claims in the federal action, but she did not serve the defendants until December 2005. It is undisputed that the plaintiff's claims were governed by a three-year statute of limitations (*see* CPLR 214 [2], [4]), that the earlier action was timely commenced in federal court, and that, by the time the plaintiff commenced this action, the three-year statute of limitations had expired. The plaintiff therefore relied on the saving provision of CPLR 205 (a), which provides, as pertinent here, that: "[i]f an action is timely commenced *and is terminated* . . . the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences *within six months after the termination* provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period" (emphasis added).

The only disputed issue on this appeal is when the six-month period began to run. CPLR 205 (a) clearly provides that the six-month period runs from the date of termination of the earlier action (*see Burns v Pace Univ.*, 25 AD3d 334, 335 [2006]; *Yates v Genesee County Hospice Found.*, 299 AD2d 900 [2002]; *Gesegnet v Hyman*, 285 AD2d 719, 720-721 [2001]; *Extebank v Finkelstein*, 188 AD2d 513 [1992]; *Dinerman v Sutton*, 45 Misc 2d 791 [1965]). Thus, the six-month period began to run when the District Court dismissed the earlier action and we reject the plaintiff's contention that the six-month period should be calculated from the date of service of the judgment in the earlier action with notice of entry. Consequently, since the plaintiff did not commence this action and serve the defendants within six months of the termination of the earlier action, the Supreme Court properly dismissed the complaint on the ground that the statute of limitations had run and that CPLR 205 (a) did not save this action from being time-barred.

This Court's decision in *Vasquez v Wood* (18 AD3d 645 [2005]), should not be read as adopting a contrary rule, as the issue before us on this appeal was not presented in that case. Prudenti, P.J., Krausman, Dillon and McCarthy, JJ., concur.