Delzotti v Bowers (2023 NY Slip Op 04464)

Delzotti v Bowers

2023 NY Slip Op 04464

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BARRY E. WARHIT, JJ.

2020-08008
2020-08009
 (Index No. 501562/20)

[*1]Nicholas Delzotti, etc., appellant, 
v
Charles H. Bowers, etc., et al., respondents.

Sussman and Associates, Goshen, NY (Michael H. Sussman of counsel), for appellant.
McAloon & Friedman, P.C., New York, NY (Gina Bernardi Di Folco of counsel), for respondent Charles H. Bowers
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton, Nwamaka Ejebe, and Kate Fletcher of counsel), for respondents Kings County Hospital and New York City Health & Hospitals Corporation, Inc.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Kathy J. King, J.), dated September 15, 2020, and (2) a judgment of the same court dated October 16, 2020. The order granted the motion of the defendant Charles H. Bowers, and the separate motion of the defendants Kings County Hospital and New York City Health and Hospitals Corporation, Inc., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.
The appeal from the order must be dismissed because the right of direct appeal [*2]therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In July 2008, Tammy M. Hill allegedly sustained personal injuries when she was assaulted by the defendant Charles H. Bowers. Bowers allegedly was employed by the defendant Kings County Hospital, which is owned and operated by the defendant New York City Health & Hospitals Corporation, Inc. (hereinafter together the NYCHH defendants). On August 13, 2008, Hill filed a notice of claim, which was amended on November 21, 2008. In January 2009, Hill commenced an action, inter alia, to recover damages for personal injuries against Bowers and the NYCHH defendants, among others, in the United States District Court for the Eastern District of New York. That action was removed for lack of diversity jurisdiction to the Supreme Court, Kings County, in July 2009 (hereinafter the 2009 action).
Meanwhile, in April 2009, Hill had filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey (hereinafter the Bankruptcy Court). The plaintiff, Nicholas Delzotti, was appointed trustee of Hill's bankruptcy estate. On November 18, 2009, a final decree was entered declaring that the bankruptcy estate was fully administered and that the bankruptcy case was closed. The Bankruptcy Court also discharged the plaintiff as trustee of Hill's bankruptcy estate.
Approximately nine years later, in December 2018, the NYCHH defendants moved in the Supreme Court, inter alia, to dismiss the complaint in the 2009 action insofar as asserted against them, contending, among other things, that Hill lacked the capacity to maintain the action because she failed to list the personal injury claim as an asset in her filing with the Bankruptcy Court. Bowers also moved to dismiss the complaint insofar as asserted against him. By order dated February 20, 2019, the Supreme Court granted the defendants' respective motions. The order was entered on February 22, 2019.
On August 20, 2019, the plaintiff moved in the Bankruptcy Court to reopen the bankruptcy proceeding and to authorize his reappointment as trustee of Hill's bankruptcy estate nunc pro tunc to August 18, 2019, in order to pursue Hill's personal injury action. By order dated December 9, 2019, the Bankruptcy Court, inter alia, granted the motion to the extent of reopening the case "for the limited purpose of affording the [plaintiff] the opportunity, on behalf of the bankruptcy estate and its creditors, to administer the subject New York State Court claim," and directed the Office of the United States Trustee to appoint a Chapter 7 Trustee. The Bankruptcy Court denied that branch of the motion which was to appoint a trustee nunc pro tunc. On December 10, 2019, the plaintiff was reappointed to serve as trustee of the reopened bankruptcy estate.
On or about January 21, 2020, the plaintiff commenced this action, inter alia, to recover damages for personal injuries. The defendants were served with the summons and complaint in February 2020. Bowers subsequently moved, and the NYCHH defendants separately moved, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. The defendants argued, among other things, that this action was untimely since the plaintiff failed to comply with the provisions of CPLR 205(a). Additionally, the defendants contended that the plaintiff failed to file a notice of claim relative to this action.
By order dated September 15, 2020, the Supreme Court granted the defendants' [*3]respective motions. The court determined that the plaintiff had failed to comply with the relevant portions of the General Municipal Law by failing to timely serve a notice of claim. A judgment was thereafter entered, upon the order, in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals. We affirm the judgment, albeit on a ground different from that relied upon by the court.
Initially, as the plaintiff contends, the Supreme Court erred in dismissing the complaint on the ground that the plaintiff failed to timely serve a notice of claim. "The purpose of the statutory notice of claim requirement is to afford the public corporation an adequate opportunity to investigate the circumstances surrounding the [incident] and to explore the merits of the claim while information is still readily available" (Bowers v City of New York, 147 AD3d 894, 895 [internal quotation marks omitted]). Here, Hill filed a timely notice of claim prior to the commencement of the 2009 action, which enabled the NYCHH defendants to investigate the alleged incident and evaluate the merits of the claim. Further, the plaintiff, as Hill's successor in interest, is not seeking to enforce any rights separate and independent from those asserted by Hill in the 2009 action (cf. Goodman v Skanska USA Civ., Inc., 169 AD3d 1010, 1012). Under the circumstances, the plaintiff was not required to file a new notice of claim prior to the commencement of this action.
Although the Supreme Court did not address whether dismissal of the complaint pursuant to CPLR 3211(a)(5) as time-barred was warranted, we reach that issue as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539; Park Slope Auto Ctr., Inc. v Papa, 190 AD3d 754, 757; Astoria Landing, Inc. v New York City Council, 186 AD3d 1593, 1595).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (U.S. Bank N.A. v Derissaint, 193 AD3d 790, 791; see Ross v Jamaica Hosp. Med. Ctr., 122 AD3d 607, 608). Here, the applicable limitations periods had expired and this action could only survive the defendants' timeliness challenges if the plaintiff complied with the provisions of CPLR 205(a). CPLR 205(a) provides, in relevant part, that a plaintiff may commence a new action upon the same transactions or occurrences as the prior action "within six months after the termination [of the prior action] provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period" (see Stein v Davidow, Davidow, Siegel & Stern, LLP, 186 AD3d 774, 775 [emphasis and internal quotation marks omitted]).
Contrary to the plaintiff's contention, the prior action terminated upon the entry of the order directing dismissal of the 2009 action on February 22, 2019 (see Ross v Jamaica Hosp. Med. Ctr., 122 AD3d at 608; Pi Ju Tang v St. Francis Hosp., 37 AD3d 690, 691; Burns v Pace Univ., 25 AD3d 334, 335), which was more than six months prior to the commencement of this action on January 21, 2020, and more than six months prior to service upon the defendants in February 2020. Even assuming, without deciding, that the six-month period to commence this action was tolled on August 20, 2019, by the filing of the plaintiff's motion, inter alia, to reopen the bankruptcy proceeding (see CPLR 204[a]), the toll would have terminated no later than December 10, 2019, when the plaintiff was reappointed to serve as trustee of the reopened bankruptcy estate (see Barchet v New York City Tr. Auth., 20 NY2d 1, 7; Vasquez v Motor Veh. Acc. Indem. Corp., 272 AD2d 275, 276). Consequently, even with this toll, the plaintiff did not commence this action and serve the defendants within six months after the termination of the 2009 action as required by CPLR [*4]205(a) (see Ross v Jamaica Hosp. Med. Ctr., 122 AD3d at 608; Pi Ju Tang v St. Francis Hosp., 37 AD3d at 691). Therefore, the defendants established that this action was untimely.
The plaintiff's remaining contentions are without merit.
Accordingly, we affirm the judgment.
DILLON, J.P., CHAMBERS, MALTESE and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court