HSBC Bank USA, N.A. v Hillaire (2026 NY Slip Op 00353)

HSBC Bank USA, N.A. v Hillaire

2026 NY Slip Op 00353

Decided on January 28, 2026

Appellate Division, Second Department

Dillon, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
PHILLIP HOM, JJ.

2024-02731
 (Index No. 526316/22)

[*1]HSBC Bank USA, N.A., etc., appellant,
vNina St. Hillaire, et al., respondents, et al., defendants.

APPEAL by the plaintiff, in an action to foreclose a mortgage, from an order of the Supreme Court (Larry D. Martin, J.), dated October 23, 2023, and entered in Kings County. The order, insofar as appealed from, granted those branches of the motion of the defendants Nina St. Hillaire and Josue Pierre which were for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage.

Greenberg Traurig, LLP, Garden City, NY (Steven Lazar of counsel), for appellant.
Richland & Falkowski, PLLC, Long Island City, NY (Daniel H. Richland of counsel), for respondents.

DILLON, J.P.

OPINION & ORDER
This appeal provides our Court with an occasion to resolve some inconsistencies in decisional authority regarding the timing of the termination event from which the six-month grace period under CPLR 205(a) and 205-a are measured. Under certain circumstances, both statutes permit the plaintiff a six-month window to recommence an action that otherwise would be untimely, measured from the "termination" of a prior action. Is the termination of the prior action the date an order of dismissal is executed by the court, the date the order of dismissal is entered with the clerk, or the date that the order of dismissal is served upon other parties with notice of entry? Is the termination of the prior action delayed 30 days for the potential filing of a notice of appeal pursuant to CPLR 5513(a) or a motion for leave to reargue pursuant to CPLR 2221(d), and further delayed by the appellate process when an actual appeal is undertaken, or is there no termination of the prior action until a final judgment is entered or served with notice of entry? The answer to these questions may make a crucial mathematical difference to the timeliness or untimeliness of actions commenced within or without the six-month grace periods under CPLR 205-a and 205(a). We conclude, for reasons stated below, that when no appeal is taken by a party from an order of dismissal, the six-month period for recommencing an action under CPLR 205-a, and by extension under CPLR 205(a), begins to run once 30 days have elapsed following service of the order of dismissal with notice of entry.
I. Relevant Facts
The facts herein are not particularly complicated. In April 2005, the defendant Nina St. Hillaire executed a note secured by a mortgage on certain real property located in Brooklyn. St. Hillaire executed loan modification agreements on April 10, 2008, and June 3, 2008. The defendant Josue Pierre is the current fee owner of the property. Allegedly, St. Hillaire missed her monthly payments due on the note beginning on February 1, 2009, and continuing thereafter.
On July 12, 2013, the plaintiff commenced a mortgage foreclosure action against, among others, St. Hillaire (hereinafter the 2013 action). The complaint in the 2013 action sought, inter alia, a judgment for the accelerated balance of the note underlying St. Hillaire's mortgage. However, by order dated March 21, 2022 (hereinafter the dismissal order), the Supreme Court directed dismissal of the 2013 action for the plaintiff's failure to properly comply with a condition precedent, that being the separate envelope requirement of RPAPL 1304(2), citing to this Court's decision in Bank of Am., N.A. v Kessler (202 AD3d 10, revd 39 NY3d 317). On March 29, 2022, the dismissal order was entered and served with notice of entry. The dismissal order was not appealed.
On September 9, 2022, the plaintiff commenced this action against, among others, St. Hillaire and Pierre (hereinafter together the defendants) to foreclose the mortgage. Service of the summons and complaint was effected upon the defendants by the "nail and mail" method pursuant to CPLR 308(4). Affidavits of service were electronically filed on October 10, 2022, meaning that, under the terms of CPLR 308(4), service was completed 10 days later, on October 20, 2022. Issue was joined by the service of an answer by the defendants. The defendants interposed two counterclaims in their answer, one of which was pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff served a reply to the counterclaims, which the defendants rejected as untimely.
On July 12, 2023, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaims. The defendants argued that this action was time-barred under CPLR 205-a, which had been enacted as part of New York State's broader Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821). The defendants argued that even with a six-month grace period that was available under CPLR 205-a, the entry of the dismissal order on March 29, 2022, plus six months required this action to have been commenced and service of process to have been completed no later than September 29, 2022, but service was not completed until approximately three weeks later, on October 20, 2022.
The plaintiff opposed the defendants' motion, arguing that the provisions of FAPA, including CPLR 205-a, did not apply to this action as FAPA was enacted after this action's commencement and that a retroactive application of CPLR 205-a would be an unconstitutional violation of the Due Process, Takings, and Contract Clauses of the United States Constitution. The plaintiff further argued, among other things, that under the incumbent version of CPLR 205(a), this action needed merely to be "commenced" within six months of the dismissal of the 2013 action. Since the commencement date of this action was September 9, 2022, the plaintiff maintained that this action was timely.
By order dated October 23, 2023, the Supreme Court, inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The court determined that CPLR 205-a applied to this action and that the six-month grace period under the statute was not satisfied as measured from the termination of the 2013 action. The court further held that since the plaintiff's causes of action were time-barred, the defendants were entitled to judgment as a matter of law on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff appeals.
For the reasons set forth below, we reverse the order insofar as appealed from, and deny those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
II. The Defendants Established, Prima Facie, the Untimeliness of This Action
On any motion for summary judgment, the moving party bears the burden of establishing, through admissible evidence, a prima facie entitlement to judgment in its favor as a matter of law (see Zuckerman v City of New York, 49 NY2d 557, 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068; Deutsche Bank Natl. Trust Co. v DiGiorgio, 237 AD3d 899; IPA Asset Mgt., LLC v HSBC Bank USA, N.A., 234 AD3d 948; U.S. Bank N.A. v Medianik, 223 AD3d 935). Only if the prima facie burden is met does the burden shift to the party opposing summary judgment to raise an issue of fact requiring a trial (see Zuckerman v City of New York, 49 NY2d at 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d at 1067-1068).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar [*2]Mtge., LLC v Weisblum, 143 AD3d 866, 867). Even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt (see MTGLQ Invs., L.P. v Rodgers, 239 AD3d 968, 969-970; Bank of N.Y. Mellon v Jones, 239 AD3d 805, 806; Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). An acceleration of a mortgage debt occurs, inter alia, when a creditor commences an action to foreclose a mortgage and seeks, in the complaint, payment of the full balance due (see Deutsche Bank Natl. Trust Co. v Vista Holding, LLC, 239 AD3d 830, 831-832; Bank of N.Y. Mellon v Jones, 239 AD3d at 806; Deutsche Bank Natl. Trust Co. v Williams, 239 AD3d 701, 703).
Here, the defendants demonstrated, prima facie, that the mortgage debt was accelerated and that the six-year statute of limitations began to run on July 12, 2013, when the plaintiff commenced the 2013 action and elected to call due the entire amount secured by the mortgage (see Deutsche Bank Natl. Trust Co. v Wong, 218 AD3d 742, 743-744). The defendants further established, prima facie, that since the plaintiff did not commence this action until September 9, 2022, more than six years later, this action was time-barred (see CPLR 213[4]; U.S. Bank N.A. v Outlaw, 217 AD3d 721, 722-723). Thus, the burden shifted to the plaintiff to raise an issue of fact as to the timeliness of the action.
III. The Constitutionality of CPLR 205(a) and 205-a
The plaintiff contends on appeal, as it did before the Supreme Court, that the controlling statute is CPLR 205(a), as CPLR 205-a was not in effect at the time that this action was commenced and that a retroactive application of CPLR 205-a would be unconstitutional under the Due Process, Takings, and Contract Clauses. The appellant's brief was filed on October 16, 2024. Thereafter, the Court of Appeals and this Court rejected similar challenges to FAPA's constitutionality (see Article 13 LLC v Ponce De Leon Fed. Bank, _____ NY3d _____, 2025 NY Slip Op 06536 [discussing substantive and procedural due process under the New York State Constitution]; Van Dyke v U.S. Bank, Natl. Assn., _____ NY3d _____, 2025 NY Slip Op 06537 [discussing the Due Process and Contract Clauses of the United States Constitution]; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065 [discussing the Due Process, Takings, and Contract Clauses of the United States Constitution]; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038 [discussing the Due Process and Contract Clauses of the United States Constitution]).
IV. The Provisions of CPLR 205(a) and 205-a
The plaintiff alternatively contends on appeal that even if CPLR 205-a were to apply in this action, the requirements under CPLR 205-a to timely recommence this action nevertheless were satisfied. The plaintiff contends that the six-month grace period under CPLR 205-a, and for that matter under CPLR 205(a), did not begin to run until 30 days after the date of entry of the dismissal order in the 2013 action because that action did not terminate until the 30-day period for the filing of a notice of appeal from the dismissal order elapsed. The plaintiff contends, therefore, that the six-month grace period for recommencing this action expired not on September 29, 2022, but on October 28, 2022. The plaintiff concludes that since service of process upon the defendants was completed on October 20, 2022, this action is timely by eight days.
Enacted in 1962 (L 1962, ch 308), CPLR 205(a) provides that where an action is not terminated on certain enumerated disqualifying grounds, the original plaintiff may commence a new action upon the same transaction or occurrence, or series of transactions or occurrences, within six months after the termination, provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon the defendant is effected within the six-month period (see U.S. Bank N.A. v McLean, 209 AD3d 792, 794; Sokoloff v Schor, 176 AD3d 120, 126-128). The statute does not apply if the prior action is dismissed for certain reasons oftentimes seen in litigation, including a voluntary discontinuance, the failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute, or a final judgment upon the merits (see CPLR 205[a]). The general intent of the statute is to accommodate plaintiffs whose actions are dismissed for mainly procedural reasons which do not implicate personal jurisdiction, laxness, or the merits, particularly since the defendant has had timely notice of the action (see Malay v City of Syracuse, 25 NY3d 323, 327; Matter of Goldstein v New York State Urban Dev. Corp., 13 NY3d 511, 521).
The Legislature tightened the requirements for the applicability of the six-month grace period in actions involving mortgage foreclosure. Under FAPA, the savings provision of CPLR [*3]205(a) was replaced with the similarly-denominated CPLR 205-a, but only as to actions upon instruments described in CPLR 213(4) (see Community Loan Servicing, LLC v Mendlovits, 239 AD3d 591, 593; Deutsche Bank Natl. Trust Co. v Heitner, 226 AD3d 967, 968). CPLR 213(4) refers to a six-year statute of limitations for actions involving a bond or note secured by a mortgage upon real property. To that extent, CPLR 205-a may be viewed as a foreclosure-related carve-out from the general provisions of CPLR 205(a). Pursuant to the more recent CPLR 205-a, where an action upon an instrument described under CPLR 213(4) is terminated, but not upon any of the enumerated disqualifying grounds, a plaintiff may commence a new action upon the same transaction or occurrence, or series of transactions or occurrences, within the same six-month period contemplated under CPLR 205(a), measured from the termination of the prior action.
Both CPLR 205(a) and 205-a measure the six-month grace period from the termination of the prior action. Both statutes require that their statutory grace periods apply only if the new action would have been timely at the time that the prior action was commenced. But CPLR 205(a) and 205-a diverge in four crucial respects as to the exceptions, scope, and acts that need to be accomplished within their respective six-month grace periods in order for their provisions to be properly applied.
The first divergence is that CPLR 205-a expands the concept of a "neglect to prosecute" a prior action, which, when applicable, precludes a plaintiff from commencing a new action. Under CPLR 205(a), "where a dismissal is one for neglect to prosecute the action made pursuant to [CPLR 3216] or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (CPLR 205[a]). In contrast, a neglect to prosecute with respect to mortgage foreclosure actions under CPLR 205-a expansively and expressly includes "a dismissal for any form of neglect" (CPLR 205-a[a]), including (1) dismissals for violations of CPLR 3126 (discovery noncompliance), 3215 (the failure to timely move for leave to enter a default judgment), 3216 (the failure to file a note of issue despite the service of a 90-day demand), and 3404 (post-note of issue abandonment); (2) the violation of any court or individual part rules; (3) the failure to comply with scheduling orders; (4) defaults for nonappearance (such as under Uniform Rule for Trial Cts [22 NYCRR] § 202.27); and (5) the failure to submit a timely order or judgment (such as in violation of id. § 202.48) (see Ronen, LLC v Bais Hamedrash Ateres Chaim Hanipoly, 221 AD3d 741, 744-745).
A second divergence between CPLR 205(a) and 205-a is that section 205-a provides, in subdivision (a)(2), that a plaintiff in a mortgage foreclosure action is entitled to only one qualifying six-month grace period. For other actions not involving mortgage foreclosure and that instead are governed by CPLR 205(a), there is no restriction on the number of times that a plaintiff may qualify for a six-month statutory grace period (see Tumminia v Staten Is. Univ. Hosp., 241 AD3d 17, 27).
The third divergence between CPLR 205(a) and 205-a is that under section CPLR 205-a, a successor in interest or an assignee of the original plaintiff may not commence a new action unless it pleads and proves that such successor or assignee is acting on behalf of the original plaintiff (see CPLR 205-a[a][1]; Deutsche Bank Natl. Trust Co. v Pena, 240 AD3d 475, 477; Ronen, LLC v Bais Hamedrash Ateres Chaim Hanipoly, 221 AD3d at 745; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 199-203).
The fourth divergence between CPLR 205(a) and 205-a, which is central to this appeal, regards the acts that must be accomplished within each statute's respective six-month grace period. Whereas CPLR 205(a) requires that service of process for a recommenced action merely be "effected" upon defendants within six months from the termination of the prior action (see Ellis v Bushwick Ctr. for Rehabilitation & Nursing, 240 AD3d 746, 749), CPLR 205-a requires that service of process be "completed" within that same time period (compare CPLR 205[a], with CPLR 205-a; see Deutsche Bank Natl. Trust Co. v Heitner, 226 AD3d at 968-969). The language of CPLR 205-a places more time pressure upon plaintiffs to successfully recommence actions, as the additional time for completing service of process, rather than merely effecting service of process, upon defendants eats into the operative six-month statutory period. This is particularly true when service of process is made by means of delivery to a person of suitable age and discretion (id. § 308[2]) or by nail and mail service (id. § 308[4]), where the delivery of papers to defendants must also include the mailing of copies to defendants and the filing of affidavits of service, and service is not deemed completed for an additional 10-days after such filing (see Palma v Apatow, 230 AD3d 1244, 1245; Tulino v [*4]Hiller, P.C., 202 AD3d 1132, 1136). Thus, plaintiffs seeking to recommence mortgage foreclosure actions under CPLR 205-a must necessarily budget more time for both effecting and completing service of process than may be required when CPLR 205(a) is applicable.
V. The Meaning of "Termination" of a Prior Action Under CPLR 205-a
Both CPLR 205-a and 205(a) contain identical language that the respective six-month grace periods applicable thereunder be measured from the termination of the prior action. A central question to this appeal is the meaning of the term "termination." Different interpretations affect the calculation of when the six-month grace periods commence and then expire, which, in turn, affects which actions are timely or untimely. This is an action squarely affected by conflicting interpretations.
The language of a statute is the best indicator of its legislative intent (see Matter of Aaron Manor Rehabilitation & Nursing Ctr., LLC v Zucker, 42 NY3d 46, 54; Matter of T-Mobile Northeast, LLC v DeBellis, 32 NY3d 594, 607; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583). Unfortunately, the statutory language at issue herein contains no definition of the term "termination." The CPLR's general definitions, set forth in CPLR 105, likewise do not include any definition of an action's termination. Legislative history may be examined in aiding the construction of the meaning of words used in a statute (see Riley v County of Broome, 95 NY2d 455, 465; New York State Bankers Assn. v Albright, 38 NY2d 430, 436). But in this instance, the bill jackets for both CPLR 205-a and 205(a) shed no light on what the Legislature specifically intended by the word "termination." Failing all of that, Black's Law Dictionary defines termination in simple terms as "[t]he act of ending something" (Black's Law Dictionary [12th ed 2024], termination).
Notably, while CPLR 205-a and 205(a) each provide for a six-month grace period for the recommencement of a new action measured from the termination of a prior action, the statutes do not state that the six-month grace period runs from the prior action's "dismissal," or from an order's "entry," or from the "service" of an order of dismissal with notice of entry, or from the entry or service of a "judgment." A termination and a dismissal are not necessarily the same thing. Actions may have an order directing dismissal issued or entered, but the action is not terminated at that point as there are further proceedings that may be contemplated by one or more of the parties (see State of New York Mtge. Agency v Braun, 182 AD3d 63, 69 [concluding that the court may entertain a CPLR 306-b extension of time to re-serve the summons and complaint after the entry of an order of dismissal but prior to the entry of a final judgment]). Termination of an action in which an order directing dismissal has been issued or entered may be delayed by a timely motion for leave to reargue, a prejudgment motion for leave to renew, an unperfected appeal which is then dismissed, or an appeal that is perfected for an ultimate appellate determination, which may or may not bring the action to repose.
In discussing CPLR 205(a), the Court of Appeals held that an action is not terminated until appeals as of right are exhausted (see Malay v City of Syracuse, 25 NY3d at 328-329; Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 519; see also Deutsche Bank Natl. Trust Co. v Spanos, 241 AD3d 502, 505; Deutsche Bank Natl. Trust Co. v Booker, 221 AD3d 579, 582). In Andrea, where an appeal was perfected, the earlier of two actions was found not to be terminated until the Appellate Division, Fourth Department, affirmed that action's dismissal (id. at 519-520). Unfortunately, our Appellate Division case law has not been clear in pinpointing the date at which an action is deemed terminated for purposes of computing the six-month grace periods under CPLR 205-a and 205(a) where appeals are not perfected.
This Court has held that where dismissal of an action is directed by an entered order, that action is not terminated until 30 days have elapsed from the date of service of the order with notice of entry, to account for the potential filing of a notice of appeal pursuant to CPLR 5513(a) (see U.S. Bank N.A. v Corcuera, 217 AD3d 896, 898). An appeal from an order granting a motion to dismiss is taken as of right (see CPLR 5701[a][2][iv], [v]; see e.g. Shatara v Ephraim, 137 AD3d 1244). Other cases from this Court and the Appellate Division, Third Department, have measured the six-month period beginning 30 days after the entry of the dismissal order, without regard for its service (Collins v Bank of N.Y. Mellon, 227 AD3d 948, 951; Specialized Loan Servicing Inc. v Nimec, 183 AD3d 962, 965; Wells Fargo Bank, N.A. v Portu, 179 AD3d 1204, 1206), as has a federal court applying New York law (see Cestaro v Prohaska, 669 F Supp 3d 276, 285 [SD NY]; cf. Arty v New York City Health & Hosps. Corp., 148 AD3d 407, 409).
This Court, however, has rendered some decisions with contrary computational analyses, where the six-month grace period was measured from the entry of a trial court's order of dismissal without an additional 30 days for the potential filing of a notice of appeal pursuant to CPLR 5513(a) (see Delzotti v Bowers, 219 AD3d 967, 970; U.S. Bank N.A. v Navarro, 188 AD3d 1282, 1283-1284; Stein v Davidow, Davidow, Siegel & Stern, LLP, 186 AD3d 774, 775; Ross v Jamaica Hosp. Med. Ctr., 122 AD3d 607, 608). At least one decision from this Department used the date of an order of dismissal without specific regard to its entry date or to its service with notice of entry (see Extebank v Finkelstein, 188 AD2d 513 [prior action was a federal action]). In Pi Ju Tang v St. Francis Hosp. (37 AD3d 690), where the prior action was a federal action, this Court rejected the contention that the six-month period should be calculated from the date of service of the judgment dismissing the federal action with notice of entry, and held instead that the six-month period began to run when the federal court dismissed the first action, without specifying when exactly that occurred. Cases from the Appellate Division, First, Third, and Fourth Departments, have measured the six-month grace period pursuant to CPLR 205(a) as running from either the date of the dismissal itself (see Burns v Pace Univ., 25 AD3d 334; Gesegnet v Hyman, 285 AD2d 719, 720) or the entry date of an order of dismissal (see Zak v Bronx Park Phase I Preserv., LLC, 237 AD3d 654, 655; U.S. Bank N.A. v Farrell, 200 AD3d 1707, 1708; Yates v Genesee County Hospice Found., 299 AD2d 900, 901) without imposing any waiting period for service of the order of dismissal with notice of entry or for the potential filing of a motion for leave to reargue, a motion for leave to renew, or an appeal. In other words, appellate cases throughout the State, and within our own judicial department, are not uniform. The trial bench and the practicing bar are entitled to judicial clarity on this issue.
The mere entry of an order of dismissal should not be, in and of itself, sufficient to trigger the six-month grace periods under CPLR 205(a) and 205-a. The reason is found in CPLR 2220. This infrequently-cited statute requires, in subdivision (a), that orders arising from motions on notice be entered with the clerk of the court where the action is triable, and further provides, in subdivision (b), that "[s]ervice of an order shall be made by serving a copy of the order." The term "shall" is the language of mandate. This Court has held that when the rights of a party may be affected by an order, the successful party, in order to give validity to the order, is required to serve it upon the adverse party (see Wolf Props. Assoc., L.P. v Castle Restoration, LLC, 174 AD3d 838, 841; Wells Fargo Bank, N.A. v Frierson, 150 AD3d 1045, 1046; Fried v Carlucci & Legum, 309 AD2d 829, 830; Lyons v Butler, 134 AD2d 576, 577; McCormick v Mars Assoc., 25 AD2d 433). Certainly, the rights of plaintiffs are affected by orders directing dismissal of their actions, including the right for qualifying plaintiffs to timely recommence actions under CPLR 205(a) and 205-a.
The procedure of serving orders with notice of entry is uncomplicated and universal,[FN1] and it fulfills two important purposes for litigation in New York. The first purpose is to assure that the party subject to the directives of the order is aware of its existence and terms and to document that awareness for the parties and the court. Indeed, compliance with an order requires knowledge of it, and any remedies for noncompliance, such as monetary sanctions or contempt findings, may not be imposed without that knowledge (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [civil contempt]; Erin Servs. Co., LLC v Bohnet, 26 Misc 3d 1230[A], 2010 NY Slip Op 50327[U] [Nassau Dist Ct] [monetary sanctions for violating a discovery order]). Remedies that may arise from an order, such as reargument, renewal, an appeal, or the recommencement of a qualifying action under CPLR 205(a) or CPLR 205-a, equally require knowledge of the order for parties to potentially act upon it.
The second purpose of serving orders with notice of entry is to provide a fixed date from which to specifically measure compliance with the order or to trigger conditional remedies for its noncompliance (see Langona v Village of Garden City, 203 AD3d 1038). Service with notice of entry also fixes the date for time-sensitive remedies that may be available, such as moving for leave to reargue the order within 30 days (see CPLR 2221[d][3]; Selletti v Liotti, 45 AD3d 668, 669), moving to vacate a default within one year on the ground of excusable default (see CPLR 5015[a][1]; Torres v Rely On Us, Inc., 165 AD3d 731, 732), and filing a notice of appeal within 30 days (see CPLR 5513[a]; Matter of Reynolds v Dustman, 1 NY3d 559, 561; Matter of Van Zwienen, 202 AD3d 802, 804). Service with notice of entry should be required for triggering the rights and time computations that flow from the order itself, including, as in this matter, the computation of the six-month grace periods under CPLR 205(a) and 205-a, notwithstanding those statutes' failures to specifically define the terminating event for measuring the six-month grace periods thereunder for recommencement of an action.
Parties to whom an order is favorable have every incentive to comply with CPLR 2220(b) by serving a copy of the order upon their adversary with notice of entry to move along the adversary's compliance with it. If, for CPLR 205(a) and 205-a purposes, an action were to be deemed terminated by the execution of a bare order of dismissal or its mere entry with the clerk, where the plaintiff may not have knowledge of either event, the defendant would be incentivized to violate CPLR 2220(b) by not serving the order with notice of entry in the hope that the six-month grace periods for the recommencement of the action would expire, in whole or in part, while the plaintiff was unaware that a recommencement remedy was potentially available. That statutory construction would undermine the sound and dual purposes of CPLR 2220(b)—those of knowledge of the order and knowledge of the time-limited remedies that may flow from it. For these reasons, the termination of an action under CPLR 205(a) and 205-a integrally must include service of an order of dismissal with notice of entry. Indeed, it would be incongruous for CPLR 2220(b) and the related case law to require service of an order with notice of entry to give the order effect against an adversary, while at the same time computing the six-month grace periods under CPLR 205(a) and 205-a from a date different from and earlier than the date of service of the order with notice of entry.
We note that in Matter of Park E. Corp. v Whalen (38 NY2d 559), the Court of Appeals read a requirement of service with notice of entry into CPLR 5514(a), which concerns "[a]lternative method[s] of appeal" after a first attempt at appeal is denied or dismissed, despite the absence of such a requirement in the text of the statute. The Court of Appeals found that reading such a requirement into CPLR 5514(a) conformed to the legislative intent, harmonized that statute with the requirement of CPLR 5513(a) that the notice of appeal be filed within 30 days of the service of an order with notice of entry, and achieved a "uniform rule governing commencement of time requirements affecting appeals and . . . eliminate[d] unnecessary procedural traps for the unwary while simultaneously insuring notification of termination of the first appeal attempt" (Matter of Park E. Corp. v Whelan, 38 NY2d at 560). Reading a requirement that an order of dismissal be served upon the plaintiff with notice of entry as being necessary and integral to the time computations of CPLR 205(a) and 205-a likewise unifies CPLR 2220(b) with all other relevant statutes and eliminates procedural traps for the unwary.
Service of an order of dismissal with notice of entry is not the end of the analysis, however. If an order directing dismissal of an action is the subject of a perfected appeal, the termination of the action for CPLR 205(a) purposes, and by extension for CPLR 205-a purposes, is pushed back until the determination of the appeal (see Malay v City of Syracuse, 25 NY3d at 329; Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d at 519). If a notice of appeal is filed but the appeal is not perfected, the termination of the action is delayed until the appeal is dismissed for failure to perfect (see Malay v City of Syracuse, 25 NY3d at 327-329; U.S. Bank N.A. v Coleman, 215 AD3d 780, 782). In both instances, the Court of Appeals has required that the appellate process be "exhausted" for a CPLR 205(a) termination event to occur (Malay v City of Syracuse, 25 NY3d at 328-329). The analysis is the same whether an appeal is undertaken as of right (see id. at 328; Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d at 519; Lehman Bros. v Hughes Hubbard & Reed, 92 NY2d 1014, 1016) or by discretionary leave of court (see Malay v City of Syracuse, 25 NY3d at 328; Joseph Francese, Inc. v Enlarged City School Dist. of Troy, 95 NY2d 59, 64; Cohoes Hous. Auth. v Ippolito-Lutz, Inc., 65 AD2d 666, 667, affd 49 NY2d 961). In neither instance is the termination deemed to revert back to the date of the [*5]trial court's order of dismissal or to the date of its entry or service. By contrast, if leave to appeal to an appellate division is sought and denied, the time during which the motion was pending does not delay the six-month grace periods for recommencement under CPLR 205(a) and 205-a, as there was no right to appeal in the first instance and as parties may not delay the statutory computations by unsuccessfully seeking appellate review that is merely discretionary (see Lehman Bros. v Hughes Hubbard & Reed, 92 NY2d at 1016).
By the same token, no language by the Court of Appeals in its relevant cases—Malay, Andrea, Joseph Francese, Inc., Lehman Bros., and Matter of Park E. Corp.—suggest that the terminating event for an action under CPLR 205(a) or CPLR 205-a be extended to the date of entry of a final judgment. Indeed, in Andrea, the Court applied a date of termination that preceded the entry of a final judgment (see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d at 518-520 [the termination occurred on the date that the Appellate Division affirmed an order dismissing the prior action]). Nor has any appellate division defined the terminating event to be that of the entry of a judgment. Had the Legislature intended for the termination of an action to be the entry or service of a judgment, it could have easily just said so in the statutes. The use of the word "termination" rather than "judgment" or "final judgment" suggests that the Legislature had an earlier time sequence in mind consistent with the statutes' other purpose of providing a controlled limitation on how long a plaintiff should have for recommencing another action.
In our view, here, the addition of 30 days from the date of service with notice of entry of the dismissal order is required to recognize any aggrieved party's right to appeal the dismissal order pursuant to CPLR 5513(a)[FN2] or to move for leave to reargue pursuant to CPLR 2221(d). The term "termination," as used in CPLR 205(a) and 205-a, is a word of finality. Termination connotes more finality than a dismissal, as orders of dismissal may be successfully reargued or reversed on appeal by means of recognized statutory rights undertaken within 30 days from the order's service with notice of entry (see id. § 2221[d][3]; 5513[a]). An action with an order of dismissal, even with notice of entry and without the entry of a judgment, still enjoys statutory oxygen. If 30 days elapse from the service of an order of dismissal with notice of entry without further activity by the aggrieved party, such as the filing of a motion for leave to reargue or a notice of appeal, then at 12:01 a.m. on the 31st day, the action is out of oxygen and has reached, by statutory construction, its full and final termination. The Legislature's use of the word "termination" rather than "dismissal" is best explained by the availability of statutory post-dismissal remedies.
Taking those 30 days into account is most consistent with the direction of the Court of Appeals in Andrea, Malay, and Matter of Park E. Corp. that an action should not be considered terminated for purposes of CPLR 205(a), and by extension for purposes of CPLR 205-a, until appellate remedies and, for that matter, reargument remedies are "exhausted." In a Black's Law Dictionary sense, an order of dismissal, even upon its service with notice of entry, does not represent finality and terminate the action until the plaintiff forfeits statutorily-recognized remedies.
If the aggrieved party undertakes no effort toward taking an appeal of an order of dismissal or moving for leave to reargue, does the date of the terminating event in such instance revert to the date of service of the order of dismissal with notice of entry? The Court of Appeals, by its language, appears to entitle the dismissed party to 30 days to exhaust potential appellate remedies, regardless of whether such remedies are actually pursued (see Malay v City of Syracuse, 25 NY3d at 328; Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d at 519; Matter of Park E. Corp. v Whelan, 38 NY2d at 560). The same logic would apply for a motion for leave to reargue. If no notice of appeal or motion for leave to reargue is served and filed within the 30-day time limits pursuant to CPLR 5513(a) and 2221(d)(3), respectively, then the action is not only dismissed but terminated for purposes of CPLR 205(a) and 205-a.[FN3]
As to the foregoing point, we acknowledge that the practicing bar, upon receiving an order of dismissal, must review the reasoning for the trial court's dismissal, consult with clients, evaluate litigation options, and determine whether moving for leave to reargue or taking an appeal is in the interests of their clients. While doing so, the litigation is not terminated in fact, and any suggestion that it has terminated fails to recognize the obligations and value of counsel in determining with the client what, if any, further steps need be undertaken to address the order of dismissal. In some instances, the determination may be to let the dismissal lie as it is. In other instances, the determination may be to seek leave to reargue if the trial court misapprehended relevant questions of fact or misapplied controlling principles of law. In yet other instances, the determination may be to preserve the right to an appeal. An action is not truly terminated until counsel, conscientiously representing the best interests of the client, makes the decision with the client as how best to proceed. For these considerations, the law provides the client and counsel a 30-day window to decide what is best (see id. § 2221[d], 5513[a]). There is no termination of any action until the client and counsel have had at least that minimal statutory opportunity to weigh the litigation options that might be credibly available. In other words, as aptly stated by the iconic Yankees catcher Yogi Berra, "It ain't over 'til it's over." The language of termination used in both CPLR 205(a) in 1962 and 205-a in 2022, as opposed to language of dismissal or judgment, supports the view that the post-dismissal opportunities pursuant to CPLR 5513(a) and 2221(d) have actual meaning and effect before any action should be declared to be terminated in fact and law.
We conclude that the Legislature was looking for a firm date of an action's conclusion, which logically takes into account proceedings that may be undertaken beyond the order of dismissal, its entry, and its service with notice of entry. CPLR 5513(a) and 2221(d) provide 30 additional days from the date of service of an order with notice of entry. Once that further date is reached and no notice of appeal or notice of motion for leave to reargue is filed, the six-month grace period starts running to recommence a qualifying action under CPLR 205-a or CPLR 205(a). The following cases—Collins, Delzotti, Navarro, Stein, Ross, Pi Ju Tang, and Extebank—therefore should no longer be followed in this judicial department to the extent that they measure the statutory six-month period from the date of an order of dismissal, or from the date of its entry with the clerk, or from 30 days after its entry (see Collins v Bank of N.Y. Mellon, 227 AD3d at 951; Delzotti v Bowers, 219 AD3d at 970; U.S. Bank, N.A. v Navarro, 188 AD3d at 1283-1284; Stein v Davidow, Davidow, Siegel & Stern, LLP, 186 AD3d at 775; Ross v Jamaica Hosp. Med. Ctr., 122 AD3d at 608; Pi Ju Tang v St. Francis Hosp., 37 AD3d at 691; Extebank v Finkelstein, 188 AD2d at 513). VI. This Action Was Timely Recommenced Under CPLR 205-a
In this appeal, the dismissal order, directing dismissal of the 2013 action, was e-filed and served with notice of entry on March 29, 2022. Contrary to the defendants' contention, for the purposes of CPLR 205-a, the 2013 action terminated when the plaintiff's right to appeal expired 30 days later, on April 28, 2022 (see id. § 5513[a]; Collins v Bank of N.Y. Mellon, 227 AD3d at 951; U.S. Bank N.A. v Corcuera, 217 AD3d at 898; U.S. Bank N.A. v Coleman, 215 AD3d at 782; Specialized Loan Servicing Inc. v Nimec, 183 AD3d at 965; Wells Fargo Bank, N.A. v Portu, 179 AD3d at 1206). There was then a six-month grace period in which the plaintiff was permitted to commence a new action and complete service, ending on October 28, 2022. Insofar as this action was commenced on September 9, 2022, and the defendants concede that the plaintiff completed service upon them on October 20, 2022, less than six months from the termination of the 2013 action, this action was timely commenced.
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them (see Collins v Bank of N.Y. Mellon, 227 AD3d 948; U.S. Bank N.A. v Corcuera, 217 AD3d at 898; Specialized Loan Servicing Inc. v Nimec, 183 AD3d at 965; Wells Fargo Bank, N.A. v Portu, 179 AD3d at 1206).
VII. Miscellaneous
Since the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, it also should have denied that branch of the defendants' motion which was for summary judgment on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, as the defendants' claimed entitlement to summary judgment on that counterclaim was based upon the supposed untimeliness of this action (see Collins v Bank of N.Y. Mellon, 227 AD3d at 950-951).
The plaintiff's remaining contention regarding the waiver of affirmative defenses under the terms of St. Hillaire's modification agreements is without merit.
VIII. Conclusion
Accordingly, the order is reversed insofar as appealed from, and those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage are denied.
CHRISTOPHER, WAN and HOM, JJ., concur.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Nina St. Hillaire and Josue Pierre which were for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage are denied.
ENTER:
Darrell M. Joseph
Clerk of the Court

Footnotes

Footnote 1: Service with notice of entry is typically accomplished by the stand-alone transmittal of a notice with a copy of the order reflecting the clerk's date of entry. The procedure may also be accomplished less conventionally by a cover letter forwarding a copy of the order reflecting its stamped entry date (see Norstar Bank of Upstate NY v Office Control Sys., 78 NY2d 1110, 1111), and by exhibits to motion papers that include a copy of the order with its stamped entry date (see Peralta v City of New York, 92 AD3d 554; Matter of Xander Corp. v Haberman, 41 AD3d 489, 490). Under New York State Courts Electronic Filing System (NYSCEF), electronically-entered orders must still be separately served with notice of entry, either through NYSCEF or by hard copy using a method authorized by CPLR 2103(b) (see Uniform Rule for Trial Cts [22 NYCRR] 202.5-b[h][2]).

Footnote 2: For actions outside of NYSCEF, 5 days are added to the 30-day deadline of CPLR 5513(a) for mailing (see id. § 2103[b][2]; Capiello v Capiello, 66 NY2d 107, 108-109).

Footnote 3: We decline to address circumstances outside of the facts of this appeal, where orders of dismissal are rendered on default and fall outside the service requirements of CPLR 2220. Those dismissals include, but are not necessarily limited to, dismissals pursuant to 22 NYCRR 202.27(b) for the plaintiff's failure to attend a scheduled conference, dismissals pursuant to CPLR 3215(c) at the court's own initiative for the plaintiff's failure to take proceedings for the entry of a default judgment within the statutory one-year deadline, and one-year mark-off dismissals for abandonment pursuant to CPLR 3404. In any event, those circumstances are only relevant to CPLR 205(a), as CPLR 205-a expressly excludes the recommencement of actions for those forms of neglect-based defaults.