Deutsche Bank Natl. Trust Co. v Cahn

2026 NY Slip Op 02964

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Deutsche Bank National Trust Company, etc., respondent,

v

Daniel Cahn, etc., et al., appellants, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-01338, 2024-01339, (Index No. 603643/15)

Francesca E. Connolly, J.P.

Paul Wooten

Janice A. Taylor

Carl J. Landicino, JJ.

Law Offices of Cahn & Cahn, P.C., Melville, NY (Daniel K. Cahn, named herein as Daniel Cahn, pro se of counsel), for appellants.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold L. Kofman of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendants Daniel Cahn and Randi Cahn appeal from two orders of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), both dated November 6, 2023. The first order granted that branch of the plaintiff's motion which was pursuant to CPLR 3217(b) for leave to discontinue the action insofar as asserted against the defendants Daniel Cahn and Randi Cahn without prejudice. The second order, insofar as appealed from, granted the same relief to the plaintiff.

ORDERED that the first order is reversed, on the law, and that branch of the plaintiff's motion which was pursuant to CPLR 3217(b) for leave to discontinue the action insofar as asserted against the defendants Daniel Cahn and Randi Cahn without prejudice is denied; and it is further,

ORDERED that the second order is reversed insofar as appealed from, on the law, and that branch of the plaintiff's motion which was pursuant to CPLR 3217(b) for leave to discontinue the action insofar as asserted against the defendants Daniel Cahn and Randi Cahn without prejudice is denied; and it is further,

ORDERED that one bill of costs is awarded to the defendants Daniel Cahn and Randi Cahn.

On March 14, 2006, the defendant Daniel Cahn executed a note in the principal sum of $432,000 in favor of HSBC Mortgage Corporation (hereinafter HSBC). The note was secured by a mortgage on certain real property located in Greenlawn, which was given by Daniel Cahn, along with the defendant Randi Cahn, in favor of Mortgage Electronic Registration Systems, Inc., as nominee for HSBC.

On April 8, 2015, the plaintiff commenced this action against Daniel Cahn and Randi Cahn (hereinafter together the Cahn defendants), among others, to foreclose the mortgage. In an [*2]order dated March 22, 2023, the Supreme Court denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the Cahn defendants and granted the Cahn defendants' cross-motion to dismiss the complaint insofar as asserted against them based on the plaintiff's failure to comply with RPAPL 1304.

On August 7, 2023, the plaintiff moved, inter alia, pursuant to CPLR 3217(b) for leave to discontinue this action insofar as asserted against the Cahn defendants without prejudice. The Cahn defendants opposed the plaintiff's motion, contending, among other things, that on September 13, 2023, the plaintiff commenced a second foreclosure action against, among others, the Cahn defendants to foreclose the same mortgage (hereinafter the second foreclosure action) without leave of court and that this action was therefore deemed discontinued pursuant to RPAPL 1301(3).

In an order dated November 6, 2023, the Supreme Court granted that branch of the plaintiff's motion which was pursuant to CPLR 3217(b) for leave to discontinue this action insofar as asserted against the Cahn defendants without prejudice. In a second order dated November 6, 2023, the court, inter alia, granted the same relief to the plaintiff. The Cahn defendants appeal.

Initially, this action was still pending against the Cahn defendants when the plaintiff moved, among other things, pursuant to CPLR 3217(b) for leave to discontinue this action insofar as asserted against the Cahn defendants without prejudice (see HSBC Bank, N.A. v St. Hillaire, ___ AD3d ___, 2026 NY Slip Op 00353; HSBC Bank USA, N.A. v Rubin, 210 AD3d 73, 79; State of New York Mtge. Agency v Braun, 182 AD3d 63, 69). Although the order dated March 22, 2023, had granted the Cahn defendants' cross-motion to dismiss the complaint in this action insofar as asserted against them, no final judgment had been entered as of August 7, 2023, when the plaintiff moved, inter alia, pursuant to CPLR 3217(b) for leave to discontinue this action insofar as asserted against the Cahn defendants without prejudice.

Nevertheless, the Supreme Court should have denied that branch of the plaintiff's motion which was pursuant to CPLR 3217(b) for leave to discontinue this action insofar as asserted against the Cahn defendants without prejudice. RPAPL 1301(3), as amended by the Foreclosure Abuse Prevention Act (L 2022, ch 821 [eff Dec. 30, 2022]), states that "[w]hile the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, including an action to foreclose the mortgage, without leave of the court in which the former action was brought." The statute, as amended, further states that "[t]he procurement of such leave shall be a condition precedent to the commencement of such other action and . . . in the event such other action is commenced without leave of the court, the former action shall be deemed discontinued upon the commencement of the other action," unless a defendant takes certain actions that are not raised here (RPAPL 1301[3]).

Here, the plaintiff commenced the second foreclosure action against the Cahn defendants, among others, to foreclose the same debt without leave of court and while this action was still pending against them. Based on the plaintiff's failure to secure leave of the court prior to the commencement of the second foreclosure action against the Cahn defendants to foreclose the same mortgage, pursuant to RPAPL 1301(3), as amended, this action was deemed discontinued as of September 13, 2023, the date the plaintiff commenced the second foreclosure action (see U.S. Bank N.A. v Cullen, 241 AD3d 590, 593). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was pursuant to CPLR 3217(b) for leave to discontinue this action insofar as asserted against the Cahn defendants without prejudice, as this action had already been discontinued insofar as asserted against them by operation of law (see RPAPL 1301[3]).

The parties' remaining contentions need not be reached in light of our determination.

CONNOLLY, J.P., WOOTEN, TAYLOR and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court