Lewis v TCPRNC, LLC
2026 NY Slip Op 03635
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Joseph Lewis, as Proposed Administrator of the Estate of Bernice Lewis, Deceased, Plaintiff-Appellant,
v
TCPRNC, LLC, Doing Business as The Plaza Rehab and Nursing Center, Defendant-Respondent.

Decided and Entered: June 09, 2026
Index No. 813067/24|Appeal No. 6821|Case No. 2025-03538|
Before: Moulton, J.P., Friedman, Pitt-Burke, Rosado, Michael, JJ.

Horn Appellate Group, Brooklyn (Nicholas S. Bruno of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, New York (Theresa Scotto-Lavino of counsel), for respondent.

[*1]
Order, Supreme Court, Bronx County (Michael A. Frishman, J.), entered May 23, 2025, which granted defendant's motion to dismiss the complaint with prejudice pursuant to CPLR 3211(a)(3) and (7) and EPTL 5-4.1(1), unanimously modified, on the law, to the extent that the dismissal of the complaint is without prejudice, and otherwise affirmed, without costs.
The motion court properly determined that plaintiff did not have capacity to initiate this action because plaintiff has not yet obtained the necessary letters of administration. Dismissal of the action was therefore warranted. However, plaintiff is entitled to use the savings clause of CPLR 205(a) more than once (see Tumminia v Staten Is. Univ. Hosp. (241 AD3d 17, 19, 22, 26-27 [2d Dept 2025], lv denied 45 NY3d 932 [2026]); see also HSBC Bank USA, N.A. v St. Hillaire, — AD3d — , 2026 NY Slip Op 00353 [2d Dept 2026]). Accordingly, we modify to make the dismissal without prejudice (see Tumminia, 241 AD3d at 19, 28; see also Larson v Shore View Rehabilitation & Nursing Ctr., 246 AD3d 888, 888, 890 [2d Dept 2026]; Estate of Moore v Nassau Operating Co., LLC, 245 AD3d 798, 798, 800 [2d Dept 2026]).
Defendant's contention that the grace period for plaintiff to bring a third action expired on December 3, 2025 (six months after the order appealed from was filed with notice of entry) is unavailing. "[A] prior action terminates for purposes of CPLR 205(a) when an appeal taken as of right is exhausted" (Malay v City of Syracuse, 25 NY3d 323, 325 [2015]). Thus, "the six-month period for recommencing an action . . . begins to run once 30 days have elapsed following service of [our] order . . . with notice of entry" (HSBC, 2026 NY Slip Op 00353).
Defendant's assertion that plaintiff may not make use of CPLR 205(a) because his wrongful death claim was dismissed pursuant to CPLR 3211(a)(7), not just CPLR 3211(a)(3), is unavailing (see Carrick v Central Gen. Hosp., 51 NY2d 242, 247-253 [1980]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026